UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

FAST GRILL ENTERPRISES, INC.
d/b/a LA GRANJA restaurant and
MILLER SQUARE, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Fast Grill Enterprises, Inc. d/b/a La Granja restaurant and Defendant Miller Square, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida.  Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).  Plaintiff is a "tester" of compliance with the ADA and ADAAG.

5.      Defendant Fast Grill Enterprises, Inc (also referenced as "Defendant Fast Grill," "operator," lessee" or "co-Defendant") is a Florida corporation.  Defendant Fast Grill is the owner and operator of a La Granja chain restaurant which is located at 13822 SW 56 Street Miami, Florida 33175 and is the subject of this action.

6.      Defendant Miller Square, LLC (also referenced as "Defendant Miller Square," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida.  Defendant Miller Square is the owner of real property built out as a mixed-use community shopping center which is located at 13780 SW 56 Street, Miami, Florida 33175 (which address includes 13822 SW 56 Street), which is also referenced as Folio 30-4927-010-0010.  Defendant Miller Square leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) a Publix supermarket, a CVS Pharmacy, an ACE Hardware store, a UPS store, the Canton Lee restaurant, the Antojitos Mexicanos restaurant, the El Meson De La Cava restaurant, and an LA Fitness athletic club.  Defendant Miller Square also leases a portion of its real property to co-Defendant Fast Grill who in turn operates its La Granja restaurant (which is the subject of this instant action) at that location.

**FACTS**

7. The La Granja restaurant brand serves rotisserie chicken, Peruvian food and beverages. The La Granja restaurant which is the subject of this action is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as a restaurant serving food and/or drink as well as pursuant to 28 C.F.R. §36.104(2). The La Granja restaurant located at 13822 SE 56 Street (which is within Defendant Miller Square's community shopping center) which is the subject of this complaint is also referenced as "La Granja restaurant," "La Granja at Miller Square," "restaurant," or "place of public accommodation."

8. As the operator of a restaurant open to the public, Defendant Fast Grill is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant as delineated at 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. Plaintiff's roommate has family that lives in close proximity to La Granja. As a result, Plaintiff is frequently in the area. Due to the close proximity to his roommate's family's home to the La Granja restaurant at Miller Square, on September 26, 2021 Plaintiff went to the La Granja restaurant to purchase a meal and to test for ADA and ADAAG compliance.

10. On entering the La Granja restaurant, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant Fast Grill) and by the owner of the commercial property which houses the restaurant (Defendant Miller Square).

12. Defendant Fast Grill is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant Fast Grill's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its La Granja restaurant at Miller Square is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a community shopping center which is operated as various places of public accommodation including the La Granja restaurant which is open to the public, Defendant Miller Square is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Miller Square is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff enjoyed the food from La Granja and Plaintiff continues to desire to patronize and/or test ADA/ADAAG compliance at the La Granja restaurant at Miller Square, but he continues to be injured in that he continues to be discriminated against due to

the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the La Granja restaurant at Miller Square, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Fast Grill (operator of the La Granja restaurant at Miller Square) and Defendant Miller Square (owner/lessor of the community shopping center housing that restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the La Granja restaurant, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the La Granja restaurant.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Miller Square which houses the La Granja restaurant (operated by Defendant Fast Grill) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the

owner/lessor and the lessee/operator are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i.   As to Defendant Fast Grill (lessee/operator) and Defendant Miller Square (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as the required maneuvering clearance on the pull side of the door is not provided due to the trash bin encroaching over the maneuvering clearance. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.  This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

   ii.  As to Defendant Fast Grill (lessee/operator) and Defendant Miller Square (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

   iii. As to Defendant Fast Grill (lessee/operator) and Defendant Miller Square (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a

cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

iv. As to Defendant Fast Grill (lessee/operator) and Defendant Miller Square (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

v. As to Defendant Fast Grill (lessee/operator) and Defendant Miller Square (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

26. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a La Granja

restaurant accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Miller Square, LLC (owner of the commercial property housing the La Granja restaurant) and Defendant Fast Grill Enterprises, Inc (operator of the restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

c) The Court enter an Order requiring that Defendants alter the commercial property at Miller Square and the La Granja restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 27th day of October 2021.

                    Respectfully submitted,

                    */s/ J. Courtney Cunningham*
                    J. Courtney Cunningham, Esq.

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
